## In re PRUDENCE CO., Inc.

### Application of EDDY.

### Claim of RECONSTRUCTION FINANCE CORPORATION.
#### Nos. 27496, 27028.

District Court, E. D. New York.
Oct. 5, 1939.

Samuel Silbiger, of Brooklyn, N. Y., for petitioner.

Root, Clark, Buckner & Ballantine, of New York City (W. P. Palmer and Everett I. Willis, both of New York City, of counsel), for Reconstruction Finance Corporation.

640

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Thomas Cradock Hughes, of New York City, of counsel), for Trustee.

MOSCOWITZ, District Judge.

Petitioner, George E. Eddy, seeks an order for the following relief: "why the petition of George E. Eddy should not be granted and the proof of claim of the Reconstruction Finance Corporation and the allowance of said claim herein should not be reconsidered and said claim rejected in whole or in part."

The basis of the application is that Reconstruction Finance Corporation failed to credit the fair and reasonable value of its collateral against the debt due it from the debtor. Though the petition contains charges that facts were concealed from the Court for the purpose of misleading it and securing an order approving sales at unfair prices, such statements are unsubstantiated. Allegations that some of the sales were private are refuted by the records of this Court showing that the sales were duly advertised and publicly held in this Court upon notice to creditors and intervenors, and that an opportunity was afforded to any interested party to make competing bids for the properties offered for sale, or to object to the sales at the prices finally approved.

There was no concealment of the facts, the Court was fully advised as to the relevant material upon the hearings in connection with the sales. The Court reporter has a complete record of the hearings. Had the petitioner and his attorney desired, they could have procured the same and thus avoided "loose swearing."

Petitioner asserts upon undisclosed information and belief that Reconstruction Finance Corporation, prior to the sales, received offers for the purchase of some of the collateral at prices in excess of the amounts finally realized upon the sales in open Court. This allegation has been categorically denied by Reconstruction Finance Corporation. Even if petitioner's statements were to be accepted as the fact despite the denial, the public sale, fully advertised, afforded an opportunity to any bidder to compete with Reconstruction Finance Corporation for the purchase of the collateral. No such competing bids were received by the Court.

It is argued by petitioner that reconsideration of the claim should be had so that the fair and reasonable value of the collateral may be determined. It would appear that public sales held in the manner of the sales here in question are the best index of fair and reasonable values. To grant petitioner's motion would be to create litigation simply upon the unsupported and unreasonable assertion of petitioner that the prices were unfair and unreasonable.

Petitioner, again upon undisclosed information and belief, has charged the Trustees and their counsel, officers of this Court, with concealment and virtual conspiracy with Reconstruction Finance Corporation to mislead the Court. That these charges have been indiscriminately made is clearly apparent from an examination of the facts and records on file in this Court. Such examination was available to petitioner and his counsel. Their failure to ascertain the true facts, which were readily available, in advance of the filing of a petition containing unfounded charges is reprehensible and cannot be too severely criticized.

Motion denied. Settle order on notice.